IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AARON LEVERETTE, on behalf
of himself and others similarly situated**,

    Plaintiff,

v.

**PRIMESTAR PAINTING, INC.
A Domestic Profit Corporation and
RICHARD A. O'REILLY, individually**

    Defendants.
_____/

Case No.

**JURY DEMAND**

**MICHAEL N. HANNA (P81462**)
MORGAN & MORGAN, P.A.
Attorney for Plaintiff
600 N Pine Island Road
Suite 400
Plantation, FL  33324
(954) 318-0268
mhanna@forthepeople.com

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **AARON LEVERETTE**, on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this action against Defendants, **PRIMESTAR PAINTING, INC**., A Domestic Profit Corporation ("Primestar") and RICHARD A. O'REILLY, individually ("O'Reilly") (hereinafter collectively referred to as "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and states as follows:

**INTRODUCTION**

1.    The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).  To achieve its purposes, the FLSA requires three things.

1

First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess for 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

2. Plaintiff was a non-exempt employee for Defendants, and was paid an hourly rate of pay for the hours worked. However, Defendants implemented illegal pay procedures that deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week. Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter called the "FLSA") to recover unpaid overtime, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

4. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part, of the events giving rise to Plaintiff's claims occurred in Macomb County, Michigan, located within Southern Division of the Eastern District of Michigan.

## PARTIES

7. At all times material hereto, Plaintiff was a resident of Wayne County, Michigan.

8. At all times material hereto, Defendant, Primestar Painting, Inc., was a Domestic Profit Corporation. Primestar was engaged in business in Michigan with a principal place of business in Macomb County, Michigan.

9. Upon information and belief, at all times material hereto, Defendant, Richard A. O'Reilly was an individual resident of the State of Michigan who owned and operated Primestar.

10. Defendant, O'Reilly regularly exercised authority to: (a) hire and fire employees of Primestar; (b) determine the work schedules for the employees of Primestar; and (c) control the finances and operations of Primestar.

11. Defendant, O'Reilly is an employer as defined by 29 U.S.C §201, *et seq*., in that he acted, directly or indirectly, in the interests of Primestar towards Plaintiff and others similarly situated.

12. At all times material hereto, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

13. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, paint, brushes, wallcoverings and painting supplies and equipment, which were used directly in furtherance of Defendants' commercial activity of

providing professional painting and wallcovering services to property owners and tenants of office buildings.

17. At all times material hereto, the Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

18. At all times material hereto, Defendant, O'Reilly, was the "employer" within the meaning of FLSA.

19. At all times material hereto, Defendant, Primestar, was the "employer" within the meaning of FLSA.

20. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

21. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

22. At all times material hereto, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

23. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

24. Primestar is a Commercial and Industrial Painting and Wallcovering company that, *inter alia*, provides professional painting and wallcovering services to property owners and tenants of office buildings in Michigan.

25. Defendants hired the Plaintiff to work as a non-exempt manual laborer in approximately July 2015.

26. Plaintiff's duties include painting, installing wallcoverings, and performing drywall

4

services for client of Defendants.

27. Plaintiff maintained the same duties throughout the duration of his employment.

28. Plaintiff was compensated at an hourly rate between $15.00 to $16.50/hour.

29. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a given workweek.

30. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a given workweek.

31. Instead, Defendants paid overtime hours worked in excess of forty (40) hours within a workweek at the regular rate of pay for all hours.

32. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate of pay for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

33. Upon information and belief, Plaintiff's pay and time records are in the possession of Defendant.

34. Defendants have violated 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the

FLSA;

35. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

36. Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff and the class members worked for Defendants as laborers and are/were compensated on an hourly basis and performed the same or similar job duties as one another.

38. Defendants failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) throughout the relevant time period.

39. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime wages to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All nonexempt laborers, including Painters and Dry Wallers, who worked in excess of 40 hours in one or more workweeks within the last three years for Defendants, but were not compensated at one and one-half times their regular rate of pay for all overtime hours worked.**

40. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

41. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

42. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

43. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

44. Defendants' failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

45. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

46. Defendants failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

47. Plaintiff realleges and reincorporates paragraphs 1 to 46 as if fully set forth herein.

48. In various times material hereto, Plaintiff performed non-exempt work and worked in excess of forty (40) hours per week.

49. However, Plaintiff was not compensated at the statutory rate of one and one-half

times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

50. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

51. At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

52. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

53. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for hours worked over forty (40) hours per week, plus liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against the Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## DECLARATORY RELIEF

56. Plaintiff re-alleges and incorporates paragraphs 1 through 46 of the Complaint as if fully set forth herein.

57. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

58. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

59. Plaintiff may obtain declaratory relief.

60. Defendants employed Plaintiff.

61. Defendants are an enterprise.

62. Plaintiff was individually covered by the FLSA.

63. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

64. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

65. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

66. Plaintiff is entitled to an equal amount of liquidated damages.

67. It is in the public interest to have these declarations of rights recorded.

68. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

69. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

70. Plaintiff demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 19th day of January, 2018.

/s/ *Michael N. Hanna*
Michael N. Hanna, Esq.
Michigan Bar. No P81462
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone:   (954) 318-0268
Facsimile:   (954) 327-3016
Email: MHanna@forthepeople.com
***Attorney for Plaintiff***