IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AARON LEVERETT**, on behalf
of himself and others similarly situated,

    Plaintiff,                        Case No. 2:18-cv-10238-DML-EAS

v.                                     **JURY DEMAND**

**PRIMESTAR PAINTING, INC.**,
A Domestic Profit Corporation, and
**RICHARD A. O'REILLY**, individually

    Defendants.
_____/

| | |
|---|---|
| **MICHAEL N. HANNA (P81462)** | **EUGENE M. SHUBOY (P80860)** |
| MORGAN & MORGAN, P.A. | EUGENE M. SHUBOY, III P.C. |
| 2000 Town Center | 684 W. Baltimore Street |
| Suite 1900 | Suite 203 |
| Southfield, MI 48075 | Detroit, MI 48202 |
| Tel: (313) 251-1399 | Tel: (313) 279-3113 |
| Email: mhanna@forthepeople.com | Email: eshuboy@shuboylaw.com |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

COME NOW, the Plaintiff, AARON LEVERETT on behalf of himself and others similarly situated (collectively "Plaintiffs") and Defendants, Primestar Painting, Inc., ("Primestar") a Domestic Profit Corporation and Richard A. O'Reilly, individually ("O'Reilly") (collectively "Defendants"), by and through their respective attorneys, hereby jointly file this Joint Motion for approval of the settlement agreements between the Plaintiffs and Defendants (collectively, the

"Parties"), and for entry of an order approving the settlement agreement, which shall be entered in the record on August 24, 2018, and dismissing the case with prejudice. In support, the Parties state as follows:

## BACKGROUND

1. This is a collective action for unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. On January 19, 2018, Plaintiff filed this collective action lawsuit on behalf of himself and all similarly-situated individuals. *See* D.E. 1.

3. Plaintiff alleges that the putative class work/worked for Defendants as non-exempt laborers, and were compensated at an hourly rate of pay for their hours worked. *See Id.*

4. Plaintiff alleges that Defendants violated the FLSA by failing to compensate him and other similarly-situated employees at the rate of one and one-half times the applicable regular rate for all hours worked over 40 in various workweeks without the statutory period. *See Id.*

5. Defendant, Primestar is a Commercial and Industrial Painting and Wall Covering company that, *inter alia*, provides professional painting and wall covering services to property owners and tenants of office buildings in Michigan.

6. Defendant, O'Reilly, is the owner of Primestar.

7. Defendants deny any and all liability or wrongdoing of any sort with respect to the Plaintiffs' allegations. *See* D.E. 12.

8. On January 19, 2018, Plaintiff Aaron Leverett filed his consent to join the lawsuit. *See* D.E. 1-1.

9. On January 19, 2018, Opt-in Plaintiff, Mark Brooks filed his consent to join the lawsuit. *See* D.E. 4.

10. On January 25, 2018, Opt-in Plaintiff, Rodney Hill filed his consent to join the lawsuit. *See* D.E. 6.

11. On February 14, 2018, Opt-in Plaintiff, Herbert Crosby filed his consent to join the lawsuit. *See* D.E. 10.

12. On February 24, 2018, Opt-Plaintiff, Odis Williams filed his consent to join the lawsuit. *See* D.E. 11.

13. On June 12, 2018, after extensive discussions, drafting and negotiations, the parties filed a Stipulation as to Conditional Certification of Collective Action and Notice Procedures. *See* D.E. 15.

14. On June 14, 2018, the Court entered an Order Conditionally Certifying Collective Action and Approving Notice Procedure. *See* D.E. 16.

15. On June 26, 2018, the Plaintiff sent notice of collective action proceedings to all potential opt-in plaintiffs.

16.  On July 20, 2018, Opt-in Plaintiff Tyrone Wilson filed his consent to join the collective action. *See* D.E. 17-1.

17.  On August 8, 2018, Demetrious Washington filed his consent to join the collective action. *See* D.E. 18-1.

18.  The deadline for the Opt-in Plaintiffs to submit their consent to join forms was set for August 13, 2018. *See* D.E. 16 at 5.

19.  Throughout the course of litigation, Defendants maintained that it properly paid the Plaintiffs for all hours worked.

20.  Nonetheless, Defendants have concluded that further litigation of this matter would be protracted, distracting and expensive, and thus it is desirable that this matter be fully and finally settled in the manner and upon the terms set forth in the Settlement Agreements.

21.  Plaintiffs allege that they were compensated on a straight-time basis, which means that the Plaintiffs received their regular rate of pay without an overtime premium for their overtime hours worked.

22.  Prior to mediation, the parties exchanged extensive written discovery for all the putative collective action members, including the pay and time records for all putative collective action members.

23.  As a result of the exchange and review these documents, there remained many genuine material disputes, which include:

    a. Whether Plaintiff worked in excess of forty (40) hours and if so, whether Plaintiffs received proper overtime compensation;

    b. Whether the applicable statute of limitations is two or three years; and

    c. Whether Defendants acted in objective and subjective good faith such that payment of liquidated damages is applicable.

24. The parties mediated this matter before David Calzone, Calzone Mediations, LLC, who is an experienced employment mediator.

25. Notwithstanding the foregoing, upon careful review of the records and defenses, the Plaintiffs agreed to settle this matter in mediation, and believe that they are receiving a fair, adequate, and reasonable settlement compensation for their unpaid wages and liquidated damages owed with respect to any and all of the above claims.

26. Plaintiff believes that the claims have merit, and the settlement monies each Plaintiff is to receive pursuant to the settlement agreement fully compensates the Plaintiff and Opt-in Plaintiffs for the straight-time damages they allege in this matter, including receipt of full liquidated damages based on the records.

27. The settlement was the result of arm's length negotiations before an experienced mediator where both parties were represented by counsel.

28. Plaintiffs' attorneys' fees and costs were separately negotiated and agreed upon by the Parties in mediation.

29. The fully executed Collective Action Settlement Agreement shall be brought to the hearing on August 24, 2018. While the language and non-monetary terms of the settlement agreement apply equally to all members of the class, the monetary payments are individualized for each opt-in plaintiff, based on their individualized damages.

30. The monetary payment each opt-plaintiff is to receive is attached hereto to the settlement agreement.

31. The settlement represents full relief to the Plaintiff and Opt-in Plaintiffs, including full liquidated damages for a three-year period.

32. The Opt-in Plaintiff's Class Member Settlement Agreement and Release is also attached to the settlement agreement.

33. Should the Court Grant the Joint Motion to Approve FLSA Settlement and Request for Dismissal, the parties respectfully request the court Dismiss this matter with prejudice pursuant to the Proposed Stipulated Order of Dismissal with Prejudice. *See* D.E. 19.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the Settlement Agreement and dismiss the case with prejudice.

## STATEMENT OF ISSUES PRESENTED

1.     Whether the Court should approve the collective action settlement that provides full relief for all collective action members?

   Plaintiff Answers: Yes

   Defendant Answers: Yes

## MEMORANDUM OF LAW

An employee's rights to a minimum wage and overtime premium wages under the FLSA are mandatory and are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An exception to that general rule exists when a *bona fide* dispute arises between the employee and employer, and that dispute is settled under court supervision. *Crawford v. Lexington-Fayette Urban Cty. Gov't,* No. 06-299, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). The Court's obligation in reviewing settlements of FLSA claims is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (*quoting Collins v. Sanderson Farms, Inc.*, 569 F.Supp.2d 714, 719 (E.D. La. 2000)).

This matter involves allegations of straight-time violations against a putative class of hourly-paid Painters and Dry Wallers. *See* D.E. 1. In essence, the collective action members allege they were compensated their regular rate of pay for

their overtime hours worked, but did not receive an overtime premium for their hours worked over 40. While Defendants deny all liability, the settlement reached provides all collective action members with their full damages and liquidated damages for a three-year period. As such, the Plaintiffs are to receive full relief for their claims based on the settlement terms, and the Court should approve the collective action settlement, and dismiss the case with prejudice.

## CONCLUSION

The Parties voluntarily agreed to the terms of their settlement. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The settlement provides the Plaintiff and all Opt-in Plaintiffs with full relief for their FLSA claims without compromise. Accordingly, the Parties jointly and respectfully request that this Court approve the terms of the Settlement Agreement and dismiss this case with prejudice.

Dated: August 23, 2018.

Respectfully Submitted,

| | |
|---|---|
| /s/ Michael Hanna | /s/ Eugene M. Shuboy |
| **MICHAEL N. HANNA (P81462)** | **EUGENE M. SHUBOY (P80860)** |
| MORGAN & MORGAN, P.A. | EUGENE M. SHUBOY, III P.C. |
| 2000 Town Center | 684 W. Baltimore Street |
| Suite 1900 | Suite 203 |
| Southfield, MI 48075 | Detroit, MI 48202 |
| Tel: (313) 251-1399 | Tel: (313) 279-3113 |
| Email: mhanna@forthepeople.com | Email: eshuboy@shuboylaw.com |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |