UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON LEVERETT on behalf of himself
and others similarly situated,

        Plaintiff,                              Case Number 18-10238

v.                                                    Honorable David M. Lawson

PRIMESTAR PAINTING, INC. and
RICHARD O'REILLY,

        Defendants.
_____/

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT

This matter is before the Court on a joint motion by the parties to approve the terms of their settlement agreement. The plaintiff sued under the Fair Labor Standards Act, alleging that the defendant failed to pay him and other similarly situated employees of the defendant the required overtime wage for hours worked in excess of 40 hours per week. An employee's right to overtime premium wages under the FLSA is mandatory and is not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An exception to that general rule exists when a bona fide dispute arises between the employee and employer, and that dispute is settled under court supervision. *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982)). The Court's obligation in reviewing settlements of FLSA claims is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 09-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)).

The Court held a hearing on August 24, 2018, and during that hearing the parties put the terms of their proposed settlement on the record, which calls for, among other things, payment by the defendant of total settlement proceeds in the amount of $17,685.50, as well as separately negotiated attorney fees and costs of $35,000, which will be paid by the defendant in addition to the settlement fund allocated to the plaintiffs. The parties assert that the damages were calculated to cover the full amount of unpaid overtime wages claimed by all plaintiffs. The parties also represented that a good faith dispute exists between them over the exact number of hours of compensation due to the plaintiffs, because information produced through discovery in the case raises some questions about the number of overtime hours worked by each plaintiff. The Court found, after reviewing the terms of the settlement, that it appears to have made the plaintiffs whole with respect to the unpaid overtime wages, and that it includes an attorney's fee in a reasonable amount. The named plaintiff was not present at the hearing, but counsel for the plaintiffs stated that he reviewed the proposed settlement with Mr. Leverett and he approved its terms.

The parties jointly asked the Court to approve the agreement, and it does not appear that there is any danger of collusion aimed at skirting the requirements of the FLSA. At the end of the hearing, the Court found that the settlement was fair, adequate, and reasonable and announced from the bench its decision to grant the joint motion to approve the settlement.

Accordingly, for the reasons stated on the record, it is **ORDERED** that the joint motion of the parties to approve the settlement agreement [20, 22] is **GRANTED**, and the settlement is **APPROVED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE** and without costs to either party, but either party may apply to reopen the case to enforce the settlement agreement **on or before September 24, 2018**.

- 3 -

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date: August 24, 2018

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2018.

s/Susan K. Pinkowski<br>
SUSAN K. PINKOWSKI